**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ROSE MENDOZA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **VANDELAY HOSPITALITY GROUP,** | § | **Removed from:** |
| **LLC, AND HUDSON HOUSE LC, LLC,** | § | |
| | § | **162nd Judicial District** |
| **Defendant.** | § | **Dallas County, Texas** |
| | § | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendants Vandelay Hospitality Group, LLC ("Vandelay") and Hudson House LC, LLC ("Hudson House") (collectively, "Defendants") hereby give notice they are removing this civil action from the 162nd Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division. Removal is based upon both federal question jurisdiction under 28 U.S.C. §1331 and supplemental jurisdiction under 28 U.S.C. §1367(a). In support of the Notice of Removal, Defendants respectfully state as follows:

**I.
PLAINTIFF'S LAWSUIT**

1. On or around July 25, 2024, Plaintiff Rosa Mendoza ("Plaintiff") filed an Original Petition (the "Original Petition") against Defendants captioned *Rosa Mendoza v. Vandelay Hospitality Group, LLC and Hudson House LC, LLC*, Cause Number DC-24-11066, in the 162nd Judicial District Court of Dallas County, Texas (the "State Court Action"). (*See* APP. 0004-0025, Exhibit 1, Plaintiff's Original Petition).

2. Pursuant to 28 U.S.C. §1446(a) and Local Rule 81.1, the concurrently filed

Appendix is incorporated herein and contains true and correct copies of all process, pleadings, and orders served upon Defendants in the State Court Action to date. *See* attached **Appendix, Exhibits 1-14**, APP. 0001-0127.

3.      In the Original Petition, Plaintiff asserted claims against Defendants alleging discrimination and retaliation under Chapter 21 of the Texas Labor Code ("Chapter 21 claims"). (*See* APP. 0010-0011, Exhibit 1, Plaintiff's Original Petition, ¶¶ 6.01-6.09). The Chapter 21 claims are based on Plaintiff's employment with Defendant Hudson House and her eventual termination. (*See* APP. 0007-0010, Exhibit 1, Plaintiff's Original Petition, ¶¶ 5.01-5.15).

4.      Plaintiff served Defendants with the Original Petition on August 13, 2024. (*See* App. 28-35, Exhibit 3 and Exhibit 4, Service of Citation).

5.      Defendants filed their Original Answer on September 9, 2024. (*See* APP. 0036-0043, Exhibit 5, Defendants' Original Answer). Defendants also filed a First Amended Answer on October 2, 2024. (*See* APP. 0056-0063, Exhibit 9, Defendants' First Amended Answer). On that same day, Defendants filed a Rule 91a Motion to Dismiss due to Plaintiff's failure to exhaust her administrative remedies. (APP. 0064-0083, Exhibit 10, Defendants' Rule 91a Motion to Dismiss).

6.      On or around October 10, 2024, Plaintiff filed her First Amended Petition (the "Amended Petition"). (APP. 0081-0117, Exhibit 12, Plaintiff's First Amended Petition). In the Amended Petition, Plaintiff, for the first time, asserted federal claims of discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964. (App. 0094-0097, Exhibit 12, Plaintiff's First Amended Petition, ¶¶ 6.10-6.29). Additionally, Plaintiff maintained her Chapter 21 claims under the Texas Labor Code, alleging discrimination and retaliation. (App. 0093-0094, Exhibit 12, Plaintiff's First Amended Petition, ¶¶ 6.01-6.09). Similar to her Original Petition, the Amended Petition is based on Plaintiff's employment with Hudson House and her eventual

termination. (App. 0090-0093, Exhibit 12, Plaintiff's First Amended Petition, ¶¶ 5.01-5.15).

7.      Plaintiff served Defendants with the Amended Petition on October 10, 2024. (App. 0100-0101, Exhibit 12, Plaintiff's First Amended Petition).

8.      Under 28 U.S.C. § 1446(b)(3), this Notice of Removal is timely because it is filed within 30 days after Defendants were first served with a copy of Plaintiff's Amended Petition, which was the first time Defendants were able to ascertain that the case was removable.

9.      Removal is proper to the United States District Court for the Northern District of Texas, Dallas Division, because Plaintiff originally filed this matter in Dallas County, Texas. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 124(a)(1).

10.     As required by 28 U.S.C. § 1446(d), a Notice to State Court of Filing Notice of Removal, along with a copy of this Notice of Removal, will be promptly filed in the 162nd Judicial District Court in Dallas County, Texas, and served on Plaintiff.

## II.
## BASIS FOR FEDERAL QUESTION JURISDICTION AND SUPPLEMENTAL JURISDICTION

11.     This Court has original jurisdiction over Plaintiff's federal law claims. The United States District Courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. Plaintiff's Amended Petition purports to assert civil claims arising under the laws of the United States, specifically Title VII. (*See* App. 0094-0097, Exhibit 12, Plaintiff's First Amended Petition, ¶¶ 6.10-6.29). Thus, this case falls within the original federal question jurisdiction of this Court pursuant to 28 U.S.C. § 1331.

12.     Additionally, this Court has supplemental jurisdiction over Plaintiff's other employment-related state law claims, including those that she purports to bring under Chapter 21 of the Texas Labor Code. Where a United States District Court has original jurisdiction over at least one claim in a case, the Court also has supplemental jurisdiction over any additional claims

that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). This requirement is satisfied where the claims "derive from a common nucleus of operative fact." *Halmekangas v. ANPAC La. Ins. Co.*, 603 F.3d 290, 293 (5th Cir. 2010).

13.     Here, Plaintiff's Title VII claims and Chapter 21 claims all derive from a common nucleus of operative fact because Plaintiff relied on the same set of alleged facts, *e.g.*, her employment, to support these claims.

14.     Therefore, this Court has supplemental jurisdiction over Plaintiff's employment-related state law claims, under Chapter 21 of the Texas Labor Code, pursuant to 28 U.S.C. § 1367(a).

**V.**
**PRAYER**

WHEREFORE, Defendants hereby remove this case from the 162nd Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division, and respectfully request that the Court exercise jurisdiction over this matter and proceed with resolution of this case as if it had been originally filed herein.

Dated: October 23, 2024                    Respectfully submitted,

                                           */s/ Michael P. Royal*
                                           Michael P. Royal
                                           Texas Bar No. 00784886
                                           Ross G. Reyes
                                           Texas. Bar No. 24105707
                                           Matthew A. Swanger
                                           Texas Bar No. 24100286

                                           LITTLER MENDELSON, P.C.
                                           2001 Ross Avenue
                                           Suite 1500, Lock Box 116
                                           Dallas, TX 75201
                                           214.880.8100
                                           214.880.0181 (Fax)
                                           mroyal@littler.com
                                           rgreyes@littler.com
                                           mswanger@littler.com

                                           **ATTORNEYS FOR DEFENDANTS**
                                           **VANDELAY HOSPITALITY GROUP**
                                           **AND HUDSON HOUSE LC, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2024, the foregoing was electronically filed with the Clerk of the Court, utilizing the ECF system, which sent notification of such filing to the following:

Levi G. McCathern, II
State Bar No. 00787990
Jesse R. Showalter
State Bar No. 24086800
MCCATHERN, PLLC
3710 Rawling, Suite 1600
Dallas, Texas 75219
(214) 741-2662
(214) 741-4717
lmccathern@mccathernlaw.com
jshowalter@mccathernlaw.com

**ATTORNEYS FOR PLAINTIFF**

Marcus L. Fifer
Texas State Bar No. 24104629
MARCUS L. FIFER LAW FIRM, PLLC
PO Box 6501
Austin, Texas 78762
(512) 487-0324
(512) 598-0298 (facsimile)
marcus@fifer.law

**ATTORNEY FOR PLAINTIFF**

*/s/ Matthew A. Swanger*
Matthew A. Swanger